IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TONY ALAN NAPIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 06-3404-CV-S-DW-SSA |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Tony Alan Napier seeks judicial review of the decision of the Commissioner of Social Security Administration denying his application for benefits under Title II and XVI of the Social Security Act. On May 19, 2006, following a hearing, the administrative law judge [1] ("ALJ") found Plaintiff was not disabled under the Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully considering the parties' arguments and the submitted record, the Court affirms the Commissioner's decision for the reasons set forth below.

    I.    <u>Standard of Review</u>

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); <u>Travis v. Apfel</u>, 477 F.3d

---

[1] The Honorable Richard A. Say.

1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II. Discussion

Plaintiff raises two issues for the Court's review: 1) whether the ALJ properly evaluated the credibility of Plaintiff's subjective limitations; and 2) whether the ALJ properly determined Plaintiff's residual functional capacity.

A. Credibility

Plaintiff argues that the ALJ committed reversible error by failing to consider the limitations testified to by Plaintiff and failing to apply the proper credibility analysis under Pulaski v. Heckler and the relevant Social Security rulings and regulations.

Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making credibility determinations, the ALJ must consider objective medical evidence, as well as any evidence relating to the so-called Polaski factors, namely: (1) the claimant's daily activities;

(2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). A plaintiff's subjective complaints as to the severity of impairments may be discounted if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322.

Here, the ALJ found that the objective medical evidence did not support Plaintiff's allegations of disability, a consideration he is permitted to make. See Forte v. Barnhart, 377 F.3d 892, 895 (8th Cir. 2004) ("lack of objective medical evidence is a factor an ALJ may consider"). Despite Plaintiff's allegations of significant gastrointestinal problems, none of Plaintiff's treating physicians examination notes or testing identified any condition consistent with Plaintiff's claimed symptoms. Furthermore, at least one physician noted in his treatment notes that Plaintiff seemed to be more concerned with getting doctors "to go to bat for him" regarding his disability than receive treatment. Only Dr. McGehee, who was consulted after Plaintiff received an initial adverse decision, indicated that Plaintiff's limitations would be disabling. However, Dr. McGehee's conclusions were based on Plaintiff's subjective complaints rather than objective medical tests. Finally, in addition to the medical evidence in the record, the ALJ expressly considered Plaintiff's daily activities and functional restrictions.

On review, the Court is convinced that the ALJ considered the evidence in the record in light of the proper standard and articulated the reasons for his finding. The Court finds the ALJ's credibility determination is supported by the substantial evidence on the record as a whole.

    B.    Residual Functional Capacity ("RFC")

A review of the record establishes that the ALJ considered all the medical evidence and

3

testimony in formulating Plaintiff's RFC. It is proper for the ALJ to limit Plaintiff's RFC to include only those impairments and limitations he determines to be credible. See Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir. 1995). Here, the ALJ evaluated the medical evidence related to all of Plaintiff's alleged limitations. The ALJ stated specific reasons why for why he found Plaintiff's allegations not fully credible. These reasons were formulated from a thorough review of the objective medical evidence and an evaluation of Plaintiff's credibility.

The Court finds that the ALJ's RFC determination was based on all the relevant evidence in the record, see 20 C.F.R. § 404.1545(a), and is supported by substantial evidence on the record as a whole.

### III. Conclusion

After careful examination of the parties' briefs and the complete record, the Court AFFIRMS the ALJ's decision finding that it is supported by substantial evidence on the record as a whole.

Date:   April 14, 2008                                        /s/ Dean Whipple
                                                                Dean Whipple
                                                           United States District Judge